**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-11-8133-PCT-GMS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Huong Thi McReynolds; et al, | |
| Defendants. | |

The Court has considered Defendants Joseph Minh McReynolds' and Vincent Minh McReynolds' Waivers of Personal of Appearance at Arraignment. (Docs. 159-160)

Federal Rule of Criminal Procedure 10(b) permits a defendant to waive his physical appearance at his arraignment.[1] There are three conditions which must be met for a Rule 10(b) waiver of appearance at an arraignment:

  (1) the defendant has been charged by indictment or misdemeanor information;

  (2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and

  (3) the court accepts the waiver.

Rule 10(b), Fed.R.Crim.P. Fairly read, this new waiver-of-appearance Rule, enacted in

---

[1] A similar amendment has also been made to Rule 43(b), Fed.R.Crim.P., which is not relevant to this Order.

2002, requires the "consent" of the district or magistrate judge conducting the arraignment and the approval of the waiver is obtained by a formal motion, not a simple notice. To construe Rule 10(b), Fed.R.Crim.P., differently would render the third requirement, obtaining the court's acceptance of such a waiver, superfluous.

The 2002 Committee Notes for Rule 10 indicates:

> [T]he Committee was concerned that permitting a defendant to be absent from the arraignment could be viewed as an erosion of an important element of the judicial process. First, it may be important for a defendant to see and experience first-hand the formal impact of the reading of the charge. Second, it may be necessary for the court to personally see and speak with the defendant at the arraignment, especially when there is a real question whether the defendant actually understands the gravity of the proceedings. And third, there may be difficulties in providing the defendant with effective and confidential assistance of counsel if counsel, but not the defendant, appears at the arraignment.

*See* Rule 10, Fed.R.Crim.P., Committee Notes. Nevertheless, the Committee approved the rule change, leaving "the question of when it would be appropriate for a defendant to waive an appearance . . . to the defendant and the court in each case." *Id.*

Considering the gravity of the charges, that these Defendants reside in the District of Arizona, the importance of a defendant's physical appearance at his arraignment, that the waivers were improperly presented as notices, rather than motions, and the illegible, poor quality of the filings in a format inconsistent with the District Court's Local Rules,

**IT IS ORDERED** that Defendants' request to waive their appearances at the November 7, 2012 arraignments, docs. 159-160, are **DENIED**.

Dated this 6th day of November, 2012.

_____
Lawrence O. Anderson
United States Magistrate Judge